UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
DONNA CUGINI,

                               Plaintiff,

                  15-CV-5517 (SJ) (ST)

        -against-

                  MEMORANDUM
                  AND ORDER

CITY OF NEW YORK and
CHRISTOPHER PALAZZOLA,

                              Defendants.

------------------------------------------------X

A P P E A R A N C E S

LEVENTHAL LAW GROUP, P.C.
45 Main Street
Suite 230
Brooklyn, NY 11201
By:    Edward Donlon
        Jason Leventhal
*Attorneys for Plaintiff Donna Cugini*

NEW YORK CITY LAW DEPARTMENT
100 Church Street
Special Federal Litigation Division
New York, NY 10007
By:    Tobias Eli Zimmerman
*Attorneys for Defendants*

JOHNSON, Senior District Judge:

Plaintiff Donna Cugini brings this action against the City of New York and New York City Police Officer Christopher Palazzola in his individual capacity (collectively, "Defendants") pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution and New York State law. Presently before the Court is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Based on the submission of the parties, and for the reasons stated below, the Defendants' motion is GRANTED.

## **BACKGROUND**

None of the material facts of this case are in dispute. To the extent that they are, the Court construes them in Plaintiff's favor. On June 26, 2014, Plaintiff voluntarily surrendered to police custody at the 121st Precinct on Staten Island, where Officer Palazzola placed her under arrest in connection with a domestic harassment complaint. Palazzola handcuffed Plaintiff, processed her arrest, led her to the holding cells and removed the handcuffs. After approximately two hours in the holding cell, Palazzola handcuffed Plaintiff again in order to move her to Central Booking at the 120th Precinct. In so doing, Palazzola twisted Plaintiff's arms behind her back. Plaintiff exclaimed "ouch," and physically shuddered while Palazzola secured the handcuffs. In response Palazzola stated, "Don't make me hurt you." Palazzola finished securing the handcuffs. Plaintiff exclaimed "ow." Once handcuffed, Palazzola moved Plaintiff to the back of a police car and drove

2

her to the 120th Precinct. Palazzola had difficulty removing the handcuffs at Central Booking. A female officer interceded and removed the handcuffs while Palazzola filled out paperwork. This was the last interaction between Plaintiff and Palazzola.

In total, Plaintiff was in handcuffs for approximately forty minutes. Plaintiff did not tell anyone that the handcuffs were too tight or causing her pain while they were on, nor did she ask anyone to adjust or loosen them after they were secured. Plaintiff does not allege that she made any expression of pain while the handcuffs were being removed. Plaintiff alleges, and for the purposes of this motion, Defendants do not dispute, that she suffers from permanent nerve damage in her wrists.

## DISCUSSION

### A. Summary Judgment Standard

It is well-settled that a party moving for summary judgment has the burden of establishing that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003). Material facts are those that may affect the outcome of the case. See Anderson, 477 U.S. at 248. An issue of fact is considered "genuine" when a reasonable finder of fact could render a verdict in favor of the nonmoving party. Id.

In considering a summary judgment motion, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986) (citing Anderson, 477 U.S. at 248). If the Court recognizes any material issues of fact, summary judgment is improper, and the motion must be denied. See Anthony v. City of New York, 339 F.3d 129, 134 (2d Cir. 2003). If the moving party discharges its burden of proof under Rule 56(c), the nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The nonmoving party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading." Anderson, 477 U.S. at 256. Indeed, "the mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Id. at 247–48 (emphasis in original). Rather, enough evidence must favor the nonmoving party's case such that a jury could return a verdict in its favor. Id. at 248; see also Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219, 1224 (2d Cir. 1999) ("When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper.").

### B. Plaintiff's Excessive Force Claim

The Court need not decide whether Palazzola violated the Fourth Amendment when he handcuffed Plaintiff. Even assuming that a Fourth Amendment violation occurred,[1] Palazzola is entitled to qualified immunity.

#### 1. Qualified Immunity

Federal law provides a plaintiff a private right of action for money damages against state officials, acting "under color" of law, that violate a constitutional or statutory right. See 42 U.S.C. § 1983. The doctrine of qualified immunity is a defense that "shields public officials performing discretionary functions from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or insofar as it was objectively reasonable for them to believe that their acts did not violate those rights." Bradway v. Gonzales, 26 F.3d 313, 317–18 (2d Cir. 1994) (citation and quotation marks omitted). "[B]ecause qualified immunity is not only a defense to liability, but also provides immunity from suit, an important part of its benefit is effectively lost if a case is erroneously permitted to go to trial; thus, the defendant's

---

[1] While the Court need not decide whether Palazzola violated the Fourth Amendment in order to resolve the instant motion, Defendants' argument that Plaintiff cannot present any evidence that Palazzola ignored her complaints of pain, as "she never asked that the handcuffs be loosened, or otherwise clearly communicated that they were causing her pain," oversimplifies the inquiry. This Court is reticent to impose a standard that would deny a plaintiff her day in court simply because she did not utter the magic words. Such a result is not in the spirit of the fact-specific inquiry the Fourth Amendment necessitates.

5

entitlement to qualified immunity should be resolved at the earliest possible stage in litigation." Lynch v. Ackley, 811 F.3d 569, 576 (2d Cir. 2016) (quoting Pearson v. Callahan, 555 U.S. 223, 231–32 (2009)) (quotation marks omitted).

A public official is not entitled to qualified immunity "when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Terebesi v. Torreso, 764 F.3d 217, 230 (2d Cir. 2014) (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011)) (quotation marks omitted). Conversely, a "defendant is entitled to immunity [] if officers of reasonable competence could disagree on the legality of the defendant's actions." Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995) (citing Malley v. Briggs, 475 U.S. 335, 341 (1986)) (quotation marks omitted). Put another way, qualified immunity attaches where "no rational jury could [find] that the force used was so excessive that no reasonable officer would have made the same choice." Id. at 426. This is a high bar, as qualified "immunity protects all but the plainly incompetent or those who knowingly violate the law." White v. Pauly, 580 U.S. ___, ___ (2017)) (quotation marks omitted).

Summary judgment is appropriate on qualified immunity grounds when a "court determines that the only conclusion a rational jury could reach is that reasonable officers would disagree about the legality of the defendants' conduct under the circumstances." Lennon, 66 F.3d at 421. In this case, no rational jury

could have found that the force Palazzola used was so excessive that no reasonable officer would have made the same choice.

"It is well established that the right to make an arrest accompanies with it the right to use some degree of physical coercion . . . [and] to be effective handcuffs must be tight enough to prevent the arrestee's hands from slipping out." Esmont v. City of New York, 371 F. Supp. 2d 202, 214–15 (E.D.N.Y. 2005) (citations omitted). Nothing in the facts indicates that Palazzola used any force other than that which was necessary to handcuff an arrestee—an act which inherently involves a degree of discomfort. See id. Plaintiff's brief physical and verbal manifestations of tepid discomfort were followed by a prolonged period free from any such expressions.

As it is far from the case that "no officer of reasonable competence could have made the same choice in similar circumstances" (see Lennon, 66 F.3d 416, 420–21), Palazzola is entitled to qualified immunity and summary judgment is granted as to Plaintiff's excessive force claim.

### C. Plaintiff's State Law Claims

Since the Court finds that Palazzola is entitled to qualified immunity, there are no more federal claims for trial. Accordingly, the Court dismisses the state law claims. See Lennon, 66 F.3d at 426 (citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).

## **CONCLUSION**

For the aforementioned reasons, Defendants' motion for summary judgment is GRANTED. Any of Plaintiff's remaining arguments have been considered and are without merit. The Clerk of the Court is directed to enter judgment in accordance with this order and close this case.

SO ORDERED.

Dated: April 10, 2018  /s/
      Brooklyn, New York  Sterling Johnson, Jr. U.S.D.J.